**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANGEL GONZALEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 16 C 2906 |
| | ) |
| **CITY OF WAUKEGAN, ARDENE** | ) |
| **YANCEY, the administrator of the estate of** | ) |
| **ARTIS YANCEY, deceased, Special** | ) |
| **Representatives for LUIS MARQUEZ and** | ) |
| **JOHN MORAN, deceased, and former** | ) |
| **Waukegan Police Department officer** | ) |
| **EDWARD DENNIS,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

This action by Angel Gonzalez ("Gonzalez") paints an appalling picture of a plaintiff who spent 20 years in prison on convictions of aggravated sexual assault and aggravated kidnapping before the Lake County State's Attorney's Office moved to vacate his convictions and to dismiss the charges against him after DNA testing had demonstrated his innocence. That prosecutorial determination also led to a judicial grant of a Certificate of Innocence, which contained a finding that "the Petitioner was innocent of all offenses for which he was incarcerated on in the above captioned case" (Complaint ¶ 7).

Gonzalez has invoked both 42 U.S.C. § 1983 and state law to sue (1) the City of Waukegan, (2) the personal representatives of three now-deceased law enforcement officers who were intimately involved in the proceedings leading up to his prosecution and the now-vacated convictions and (3) a former Waukegan Police Department officer who was likewise involved and is still living. This memorandum opinion and order is issued sua sponte because counsel

representing all of the defendants involved have filed an Answer and Affirmative Defenses ("ADs") to Gonzalez's First Amended Complaint ("FAC") -- a responsive pleading that contains some really troubling aspects that need correction.

That responsive pleading is replete with disclaimers of "knowledge or information sufficient to form a belief about the truth of" many of Gonzalez's allegations -- a permissible invocation of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer on the part of the personal representatives of the deceased officers <u>if</u> they do not in fact have enough information to form a <u>belief</u>. But such assertions appear to strain credulity in light of what has evolved in this case – with all of the personal representatives playing ostrich, seemingly at odds with the duty of objective good faith imposed on their counsel by Rule 11(b). Indeed, that concern is multiplied by some of the flat-out denials included in the responsive pleading.

Take a look, for example, at Answer ¶¶ 62 and 64 to 66, which deny that the statements obtained from Gonzalez by the now-deceased officers were fabricated. Those examples are only illustrative, for this opinion does not purport to be exhaustive in questioning negative assertions by the personal representatives about matters that by definition could have been known only by the now-deceased officers whom Gonzalez targets as miscreants. Although this Court should not be misunderstood as setting out any factual findings, it is entitled to expect consistency of treatment on the part of defense counsel. And when it comes to "belief," which is an integral part of a Rule 8(b)(5) disclaimer, it would seem more logical that an honest response on the part of someone (such as a personal representative) who has no personal knowledge of the facts would more likely call for a belief in the correctness of a finding of innocence by a state court judge who has presumptively made his determination on the basis of evidence.

There appear to be other problems with the responsive pleading as well. For example, AD 1 advances a defense of qualified immunity, but that contention is not in sync with the basic principle underlying Rule 8(c) and the case law construing it, under which a defendant is obligated to credit the allegations of a complaint while asserting that some other factors spare a defendant from liability. When Gonzalez's allegations are viewed from that required perspective, it cannot fairly be said that defendants' conduct was "objectively reasonable." In that respect it should be understood that a defendant loses nothing by omitting such a defense, which may properly come into play when the facts are developed during the course of the lawsuit, because until then an answer's denial of a plaintiff's allegations on that score preserve the potential issue.[1]

                                                                                            Milton I. Shadur
Date: December 28, 2016                            Senior United States District Judge

---

[1] This opinion has deliberately refrained from examining each of the ADs advanced by defendants, a task that is appropriately left to Gonzalez's counsel.