# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANGEL GONZALEZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 2906 |
| | ) |
| **CITY OF WAUKEGAN**, **ADRENE YANCEY**, the administrator of the estate of **ARTIS YANCEY**, deceased, Special Representatives of **LUIS MARQUEZ** and **JOHN MORAN**, deceased, and former Waukegan Police Department officer **EDWARD DENNIS**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On December 28, 2016 this Court issued a sua sponte memorandum opinion and order (the "Opinion") that began by describing the underpinning that had given rise to this action by Angel Gonzalez:

> This action by Angel Gonzalez ("Gonzalez") paints an appalling picture of a plaintiff who spent 20 years in prison on convictions of aggravated sexual assault and aggravated kidnapping before the Lake County State's Attorney' Office moved to vacate his convictions and to dismiss the charges against him after DNA testing had demonstrated his innocence. That prosecutorial determination also led to a judicial grant of a Certificate of Innocence, which contained a finding that "the Petitioner was innocent of all offenses for which he was incarcerated on in the above captioned case" (Complaint ¶ 7).

But what triggered the issuance of the Opinion was not the appalling nature of the conduct ascribed to defendants, but rather the appalling nature of the responsive pleading as a legal document -- a flaw that seemed to reflect a notion on the part of defense counsel that the goal of pleadings in the federal system is obfuscation rather than providing notice pleading.

Because the Opinion understandably limited itself to providing some examples of the deficiencies in the original Answer, rather than attempting to do defense counsel's job for them by redrafting the Answer (scarcely an appropriate task for the judge assigned to a case), the Opinion did not strike the Answer but, instead, left it to defense counsel to return to the drawing board to generate an acceptable work product. That proved to be a mistake, for as this Court discovered in preparation for last week's status hearing (a date that it had set shortly after issuance of the Opinion), defense counsel had done nothing at all to supplant their seriously flawed pleading (an astonishing discovery that was confirmed by this Court's printing out the case docket after having looked at its chambers file).

Although such inexcusable neglect might well be viewed as an occasion for the imposition of some suitable sanction, this Court will not take that path (after all, Gonzalez' counsel had taken no action during the intervening months to bring defense counsel to heel). Instead the existing Answer and Affirmative Defenses are belatedly ordered stricken, and defense counsel are ordered to file a suitable replacement pleading on or before May 8, 2017. No charge may be made to defendants by their counsel for the added work and expense incurred in correcting counsels' errors. Defense counsel are ordered to apprise their clients to that effect by a letter, with a copy of the letter to be transmitted to this Court's chambers solely as an informational matter (not for filing).

*[signature: William D. Shadur]*
_____
Milton I. Shadur
Senior United States District Judge

Date: April 19, 2017